UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTVILLE DIVISION

U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
NOV 0 3 2014
CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

JONNA BLOODWORTH,
an individual

    Plaintiff,

vs.

K HOTAALS, LLC,

    Defendant.
_____/

CASE NO: 14-5333 ~~4:13-cv-319~~

## COMPLAINT

Plaintiff, Jonna Bloodworth ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues K HOTAALS, LLC, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Western District of Arkansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the

Western District of Arkansas.

3. Plaintiff, Jonna Bloodworth (hereinafter referred to as "Bloodworth") is a resident of the State of Illinois and is a qualified individual with a disability under the ADA. Bloodworth suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from cerebral palsy and requires a wheelchair for mobility. Bloodworth frequently visits the Bentonville, Arkansas area to visit with close family and friends who live in the area. Prior to instituting the instant action, Bloodworth visited the Defendant's premises at issue in this matter (in May of 2013 and again in August of 2014) and was denied full, safe and equal access to the subject property due to its lack of compliance with the ADA and the architectural barriers to access listed in Paragraph 11 of this Complaint which Plaintiff personally encountered. Bloodworth continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, K HOTAALS, LLC, is a limited liability company registered to do business and, in fact, conducting business in the State of Arkansas. Upon information and belief, K HOTAALS, LLC (hereinafter referred to as "K HOTAALS") is the owner, lessee and/or operator of the real properties and improvements which is the subject of this action, specifically the Days Inn & Suites of

Bentonville located at 3408 SE Moberly Lane in Bentonville, Arkansas (hereinafter referred to as the "Hotel").

5. All events giving rise to this lawsuit occurred in the Western District of Arkansas.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Hotel owned and/or operated by K HOTAALS is a place of public accommodation in that it is a hotel that is owned and operated by a private entity and that provides goods and services to the public.

8. Defendant, K HOTAALS has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Hotel in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Hotel owned and/or operated by K

3

HOTAALS. Prior to the filing of this lawsuit, Plaintiff visited the Hotel at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Hotel, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Hotel in violation of the ADA. Bloodworth has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA which are codified at 28 C.F.R. Part 36.

11. K HOTAALS is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    (i)    While three (3) accessible parking spaces are designated, no truly accessible or van accessible parking is provided.

    (ii)    None of the parking spaces designated as accessible contain an adjacent access aisle necessary for a wheelchair user to enter or exit her vehicle without being blocked by an adjacent vehicle.

(iii) None of the parking spaces designated as accessible contain raised signage.

(iv) One of the accessible parking spaces is located on the ramp to access the sidewalk closest to the accessible guest rooms such that this ramp can be blocked by a parked vehicle.

(v) The non-smoking accessible guest room lacks required grab bars at the bathtub and a seat capable of secure replacement.

(vi) The non-smoking accessible guest room lacks an accessible shower spray unit and hose.

(vii) Upon information and belief, no accessible guest rooms with roll-in showers are provided.

(viii) Upon information and belief, an insufficient number of accessible guest rooms are provided.

12. There are other current barriers to access and violations of the ADA at the Hotel owned and operated by K HOTAALS which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, K HOTAALS was required to make its Hotel, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, K HOTAALS has

failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by K HOTAALS pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against K HOTAALS, LLC and requests the following injunctive and declaratory relief:

    A. That the Court declares that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.  That the Court awards such other and further relief as it deems necessary, just and proper.

Dated this 28th day of October 2014.

               Respectfully submitted,

              By: _____
               Edward I. Zwilling, Esq.
               Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com